IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2014 APR -9 AM 11: 04
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____

HEATHER HAYGOOD, individually and as next
friend of J.A., a minor,
                 Plaintiff,

-vs-                                          Case No. A-12-CA-922-SS

A CHILD IS BORN RTC a/k/a A Child is Born
Outreach Family; ALMA LYNN GILLS; ALVIN
GILLS; CHILD PROTECTIVE SERVICES
DIVISION OF THE TEXAS DEPARTMENT OF
FAMILY AND PROTECTIVE SERVICES;
ROCHELL POLLARD; MANUEL ALVIZO;
MELANIE CLEVELAND; and DOES 2-7,
                 Defendants.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiff Heather Haygood's Motion for Default Judgment [#57], and Haygood's Motion for Attorney's Fees and Costs Associated with Serving Defaulting Defendants [#54]. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders GRANTING the motions.

### Background

In this lawsuit, Plaintiff Heather Haygood seeks to recover on behalf of her minor son, J.A., for injuries he sustained when he was sexually assaulted by a fellow child and resident at the A Child is Born (ACIB) residential treatment facility. The ACIB facility was owned by Defendants Alma Lynn Gills and Alvin Gills. Defendant Rochell Pollard, previously named in a Doe capacity, served

as an administrator at the facility. ACIB, the Gills, and Pollard have all been previously served[1] and failed to appear. The Clerk of Court entered default as to those defendants on September 5, 2013. Haygood now seeks entry of a default judgment against those defendants, including damages in the amount of $9,401,282.00.

## Analysis

### I.     Motion for Default Judgment

### A.     Legal Standard

Although disfavored in our adversary system, the Federal Rules of Civil Procedure authorize the entry of a default judgment against a party who "has failed to plead or otherwise defend." FED. R. CIV. P. 55(a); *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) ("Default judgments are a drastic remedy . . . . [T]hey are available only when the adversary process has been halted because of an essentially unresponsive party." (internal quotation marks omitted)). There are three steps to securing a default judgment: (1) a default by the defendant; (2) an entry of default (usually by the Clerk of Court), pursuant to Federal Rule of Civil Procedure 55(a); and (3) entry of a judgment based on the defendant's default. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). "A default judgment is a judgment on the merits that conclusively establishes the defendant's liability. But it does not establish the amount of damages." *United States v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987).

---

[1] The Gills made various attempts to avoid service, such as denying their identities and residences and placing documents addressed to them back in the mailbox to be returned. The Court ultimately authorized substituted service by mailing copies of the summons and pleadings to two different addresses and posting the documents on the front doors of the buildings located at those same addresses. *See* Order of Apr. 8, 2013 [#27]; *State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 298–99 (Tex. 1993) (outlining the process for obtaining substituted service after personal service attempts have failed).

B.  **Application**

Haygood has shown herself entitled to a default judgment against ACIB, the Gills, and Pollard. Those defendants have been served and failed to appear, and the Clerk has entered default against them. The only question for the Court to resolve is the amount of damages.

The Court held a hearing on April 4, 2014 to allow Haygood to introduce evidence supporting a specific amount of damages. At the hearing, Haygood offered her own testimony as well as the testimony of Dr. T. Walter Harrell and Mr. Ricky Ybarra. Haygood testified as to the circumstances of J.A.'s placement in the ACIB facility, his mental and emotional problems prior to his placement, and her interactions with him since the incidents at ACIB. Dr. Harrell presented opinions as to the types of treatment J.A. will require to manage his various diagnoses until the age of eighteen, as well as potential assisted living costs projected over the remainder of J.A.'s lifetime. Those figures were further reduced to present value by way of an expert report from Dr. Everett Dillman. Mr. Ybarra testified concerning the special needs trust established for the benefit of J.A. Finally, Haygood admitted into evidence for the Court's review four large binders of documents, easily spanning two thousand or more pages.

Based on this evidence, Haygood requests entry of a default judgment in the amount of $9,401,282.00, broken down as follows:

| | |
|---|---|
| Heather Haygood past mental anguish: | $150,000.00 |
| Heather Haygood future mental anguish: | $150,000.00 |
| J.A. future medical care expenses: | $5,101,282.00[2] |
| J.A. past pain and mental anguish: | $500,000.00 |

---

[2] This figure was discounted to present value from the values proposed in Dr. Harrell's report by Dr. Dillman. The figure includes $1,202,726.10 in "long term care" (permanent placement in a therapeutic boarding program until age eighteen, followed by a transitional living program for three years) and $5,078,975.00 in care for "potential needs" or "potential complications" (both pre-adjustment figures).

      J.A. future pain and mental anguish:      $500,000.00
      Punitive damages:      $3,000,000.00

Haygood also requests pre- and post-judgment interest at unspecified rates, and unspecified costs.[3] Although the underlying events in this case are tragic, the Court finds the evidence presented supports entry of a smaller judgment.[4]

Haygood seeks a total of $300,000.00 in damages on her own behalf for pain she suffered as a result of hearing about the sexual assault of J.A. from ACIB and worries over J.A.'s future in light of his traumatic experience at ACIB. Haygood's testimony clearly established her pain and suffering are legitimate injuries. While the Court doubts whether any defaulting defendant owed any legal duty to Haygood, as J.A.'s non-custodial parent who placed him in the custody of Child Protective Services (which apparently remains J.A.'s managing conservator), their default establishes liability. *See Shipco Gen.*, 814 F.2d at 1014. Any particular damages number here is inherently subjective, and the type of judgment call our adversarial system commonly entrusts to the jury. In the context of a default judgment, however, the Court is required to choose a figure. The Court finds the requested amount of $300,000.00 is supported by the evidence, and will therefore award the requested amount.

---

[3] The Court is unaware of any basis for pre-judgment interest. Were it available, Haygood has not provided the Court with any applicable rate or period of time to calculate the amount owed. The Court therefore declines to award pre-judgment interest. Haygood's proposed judgment also includes an unfilled blank space for awarding costs, but the only costs the Court has evidence of at this time are service costs, addressed below.

[4] Though not relevant to the Court's analysis here, the Court notes the defaulting defendants appear in all likelihood to be judgment-proof. Perhaps for this reason, Haygood separately seeks entry of a turnover order requiring ACIB and the Gills to assign certain insurance-based causes of action Haygood believes they possess against their insurers in satisfaction of the default judgment. The Court will consider the entry of a turnover order once a final judgment exists in this case.

Turning to J.A.'s future medical care expenses, Dr. Harrell's unchallenged testimony and expert report provide ample support for J.A.'s care through age twenty-one. The Court therefore awards the requested amount of $1,202,726.10, discounted to present value of $1,169,140.00. The larger figure in this category, however, is too speculative to support any award.[5] Dr. Harrell's report labels the future costs as "potential" costs, dealing with "potential" complications or "potential" needs. Dr. Harrell further testified he was unable to say at this time whether it is more likely than not J.A. will need some or all of those services. The Court therefore declines to award the requested damages for future medical complications.

Haygood also seeks a total award of $1,000,000.00 for J.A.'s past and future pain and suffering. As with Haygood's personal damages request, the legitimacy of the injury is well supported by the record before the Court; the amount is inherently subjective. The Court finds the requested sum supported by the evidence, and awards the requested amounts.

Finally, Haygood seeks $3,000,000.00 in punitive damages against Defendant Pollard, an administrator at ACIB. Pollard's gross negligence—a prerequisite for an award of punitive damages—is allegedly established by a Texas Department of Family and Protective Services investigation report. The report indicates Pollard admitted she had received an email indicating J.A.'s assaulter, another boy living at the ACIB facility, had a prior history of engaging in

---

[5] In a similar vein, all of J.A.'s requested damages are complicated by the fact that any jury faced with these questions would be instructed to adjust their award to account for J.A.'s existing diagnoses at the time of the injury and compensate J.A. only for those injuries separate from his existing diagnoses and those which aggravated his existing diagnoses. *See* TEXAS PATTERN JURY CHARGES 15.9 (2012 ed.); *Armellini Express Lines of Fla., Inc. v. Ansley*, 605 S.W.2d 297, 307–08 (Tex. Civ. App.—Corpus Christi 1980, writ ref'd n.r.e.). The record before the Court, in particular the testimony of both Haygood and Dr. Harrell, clearly establishes J.A. was suffering from numerous serious diagnoses prior to being placed at ACIB. While Dr. Harrell's testimony and report indicate J.A.'s behaviors have changed in character or worsened since the assaults, pinpointing the amount of J.A.'s pain and suffering attributable to the worsening of his diagnoses remains difficult, and the record offers little guidance in performing such a task.

inappropriate sexual contact with male residents at his previous placement. The report further states Pollard claims she could not remember whether she forwarded a copy of the email to ACIB's Clinical Director at the time, took responsibility for the lapse, and explained the facility was undergoing a staff turnover at the time. The investigation concluded J.A.'s assault occurred because of inadequate adult supervision of the children. The Court finds this lone piece of evidence, though unchallenged, does not establish by "clear and convincing evidence" Pollard's alleged failure to forward the email posed an objectively "extreme degree of risk" of harm to others, nor does it establish Pollard had "actual, subjective awareness of the risk involved, but nevertheless proceed[ed] in conscious indifference" to the safety of the children at ACIB. *See U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 137 (Tex. 2012). Instead, the evidence shows garden variety negligence, even though the consequences in this particular case were dire. The Court therefore declines to award any amount of punitive damages.

## II.    Motion for Service Costs

Pursuant to Federal Rule of Civil Procedure 4(d)(2), "[i]f a defendant located within the United States fails, without good cause, to sign and return a waiver [of service] requested by a plaintiff located within the United States, the court must impose on the defendant: (A) the expenses later incurred in making service; and (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." FED. R. CIV. P. 4(d)(2). Haygood has documented her attempts to provide waivers to ACIB, the Gills, and Pollard, and those parties' failure to waive service without any apparent cause. Accordingly, the Court "must impose" the costs of service (including substituted service in the case of the Gills) and reasonable expenses and attorney's fees

incurred by Haygood in serving the defendants. The Court will therefore increase the award by $3,767.53 for service costs and fees.

## Conclusion

Haygood has shown herself entitled to a default judgment against Defendants ACIB, the Gills, and Pollard. Accordingly,

IT IS ORDERED that Plaintiff Heather Haygood's Motion for Attorney's Fees and Costs Associated with Serving Defaulting Defendants [#54] is GRANTED;

IT IS FINALLY ORDERED that Plaintiff Heather Haygood's Motion for Default Judgment [#57] is GRANTED, and Haygood is awarded a total of $2,472,907.53 in damages and service expenses. A separate judgment shall issue along with this order.

SIGNED this the 9th day of April 2014.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE